[No. B004998. Second Dist., Div. Two. Feb. 21, 1985.]

EDWARD I. GORMAN et al., Plaintiffs, Cross-defendants and Appellants, v.
WAYNE HOLTE, Defendant, Cross-complainant and Respondent.

**COUNSEL**

Schlifkin & Papell, Robert S. Schlifkin and Steven J. Kleifield for Plaintiffs, Cross-defendants and Appellants.

Howard L. Ekerling for Defendant, Cross-complainant and Respondent.

**OPINION**

**COMPTON, J.**—Plaintiffs in an action for breach of contract and fraud appeal from an order of dismissal following the granting of defendant's motion to dismiss for want of prosecution pursuant to Code of Civil Procedure section 583, subdivision (b).[1] We reverse.

Plaintiffs filed their initial complaint on May 4, 1978, seeking compensatory and exemplary damages flowing from an alleged breach of a construction contract. Plaintiffs further alleged fraud, breach of warranties, negligence and conspiracy. Defendant filed a cross-complaint.

In March 1981 the parties filed at-issue memoranda. At a trial-setting conference in May 1982 the matter was set for a mandatory settlement conference on December 7, 1982, and for trial on December 28, 1982. The

---

[1]Code of Civil Procedure section 583, subdivision (b) provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

mandatory settlement conference was continued to December 28th, and on that date the parties agreed to entry of judgment for plaintiffs and cross-defendants as a complete settlement of their dispute. They stipulated to the terms of the settlement on the record in open court. We include that stipulation as appendix A. Plaintiffs' counsel was to prepare an order for the court's signature and submit it to defendant for approval as to form.

In February 1983, the order for judgment prepared by plaintiffs' counsel was rejected by defense counsel, who wrote a version of his own that differed in several minor respects. In turn, plaintiffs' counsel found this version to be unsatisfactory and on May 3, 1983, he sent his proposed judgment to the trial court requesting that it be signed notwithstanding defendant's lack of approval. No response by the court appears in the record.

On June 27, 1983, defendant noticed a motion to dismiss plaintiffs' action for failure to bring it to trial within five years of filing the complaint. Plaintiffs filed responsive papers and a motion for summary judgment. Following oral argument the court granted the motion to dismiss and simultaneously dismissed the motion for summary judgment as moot. Judgment of dismissal was subsequently entered and this appeal follows.

■ Plaintiffs argue that Code of Civil Procedure section 583, subdivision (b) is inapplicable where, as here, there remained no issues to be tried after the parties had arrived at a complete settlement of their dispute. We agree.

■ The purpose of section 583 is to prevent avoidable delay in *bringing an action to trial* and thus obtaining a resolution of the dispute. (*Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1016 [165 Cal.Rptr. 524]; *Brown* v. *Pacific Tel. & Tel. Co.* (1980) 105 Cal.App.3d 482, 487-488 [164 Cal.Rptr. 445]; *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 22-23 [90 Cal.Rptr. 405].) ■ An action settled by agreement of the parties will not, of course, proceed to trial. Such a settlement renders the five-year limit of section 583 legally irrelevant. (*Smithers* v. *Ederer* (1956) 146 Cal.App.2d 227, 230 [303 P.2d 771].)

In his effort to bring the present case within the purview of section 583 defendant argues that because the stipulation of the parties did not adjudicate facts or law, or result in a judgment, the action had not been brought to a stage where a "final disposition" was to be made of it, and therefore dismissal under section 583 was mandatory five years after the filing of the complaint. (See *McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 531-532 [105 Cal.Rptr. 330, 503 P.2d 1338].) In our view, however, a final disposition had been made of the dispute. There were

no issues left to resolve and nothing remained but to formally execute the agreement.

■ Defendant misconstrues the thrust of section 583, subdivision (b). It does not require that every action either be brought to trial or suffer dismissal. Such an interpretation would be counter to the well-established and long-supported public policy of encouraging pretrial settlements. (*Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231, 236 [132 Cal.Rptr. 843]; *Greyhound Lines, Inc.* v. *Superior Court* (1979) 98 Cal.App.3d 604, 608 [159 Cal.Rptr. 657]; *Gopal* v. *Yoshikawa* (1983) 147 Cal.App.3d 128, 130 [195 Cal.Rptr. 36].) Section 583 applies exclusively to disputes which can and will be resolved only by trial.

■ Defendant nonetheless takes the position that plaintiffs' failure to obtain a judgment within five years of filing the complaint is fatal to their cause of action. Nothing in section 583, however, requires that a case reach "judgment" within five years. It merely requires that a trial commence within the statutory period. If plaintiffs had obtained entry of judgment based on the stipulated settlement, they still would not have "brought the case to trial." Would defendant still contend that dismissal under section 583 subdivision (b) was proper? May any settlement agreement reached subsequent to the filing of a complaint be rendered nugatory merely by the passage of the lawsuit's fifth anniversary? The questions themselves expose the fallacy of defendant's contentions.

Defendant has given scant attention to the settlement agreement that both parties labored so hard to construct. He ignores the fact that, for all intents and purposes, this lawsuit was over and done with on December 28, 1982.

■ A settlement is an agreement to terminate or forestall all or part of a lawsuit. (2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1978) § 33.1, p. 458.) It need not be in writing. (*Nolte* v. *Southern Cal. Home Bldg. Co.* (1938) 28 Cal.App.2d 532, 535 [82 P.2d 946]; *People* ex rel. *Dept. Pub. Wks.* v. *Douglas* (1971) 15 Cal.App.3d 814, 819 [93 Cal.Rptr. 644].) ■ Compromise settlements are governed by the legal principles applicable to contracts generally. (*T. M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338]; 12 Cal.Jur.3d, Compromise, Settlement and Release, § 55 p. 353.) A settlement contract also has the attributes of a judgment in that it is decisive of the rights of the parties and serves to bar reopening of the issues settled. Absent a fundamental defect in the agreement itself the terms are binding on the parties. (*A. J. Industries, Inc.* v. *Ver Halen* (1977) 75 Cal.App.3d 751, 759 [142 Cal.Rptr. 383]; *Folsom* v. *Butte County Assn. of Governments* (1982) 32

Cal.3d 668, 677 [186 Cal.Rptr. 589, 652 P.2d 437]; *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213, 221 [142 Cal.Rptr. 563].)

■ Oral agreements to compromise and settle lawsuits reached at judicially supervised settlement conferences are enforceable in a number of ways, including a motion pursuant to Code of Civil Procedure section 664.6,[2] by motion for summary judgment, by separate suit in equity, or by amendment of the pleadings to raise the settlement as an affirmative defense. (*Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989 [203 Cal.Rptr. 356]; *Gopal* v. *Yoshikawa, supra,* at p. 132; *Greyhound Lines, Inc.* v. *Superior Court, supra,* at p. 609; *Gregory* v. *Hamilton, supra,* at p. 217.) While certain time constraints may govern the mechanics of enforcing the settlement agreement those constraints are not to be found in Code of Civil Procedure section 583, subdivision (b).

The order of dismissal is reversed.

Roth, P. J., and Gates, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 17, 1985.

## APPENDIX A

"MR. EKERLING [Defendant's counsel]: The stipulation is that the case would be settled upon the following terms and conditions: That the court would enter a judgment for the plaintiff and cross-defendant against the defendant and cross-complainant in the sum of $18,000. The judgment would provide that it may be discharged by making payments in the following amounts: The sum of $1,000 within 30 days from the date of entry of the judgment. Plus the sum of $350 per month with the first payment due 30 days thereafter until the total sum of $7,000 has been paid. . . . The stipulation will further provide that time is of the essence in this agreement and that the parties will agree to secure the making of said payments by the giving of a note secured by deed of trust as follows: The defendant's note to the plaintiff in the amount of $18,000, which note it is intended by the party shall constitute a merger of the judgment and which note may be satisfied in full by the making of timely payments as aforesaid, namely $1,000 due 30 days after the date of entry of the judgment with monthly payments of $350 beginning 30 days after the date of the first payment. The parties stipulate that upon the making of timely payments as aforesaid totalling $7,000 the plaintiffs and cross-defendants shall cause to be filed a full satisfaction of the judgment together with a full reconveyance of the trust deed securing the note given to secure the judgment. I suppose we should also include a grace period in the making of the

---

[2]Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

payments of 10 days after the date when it is due. The defendant and cross-complainant will furnish the plaintiffs and cross-defendants forthwith with a legal description of the property intended to secure the aforedescribed note which real property is the defendant's home. . . . THE COURT: Mr. Holte, do you understand the terms of the stipulation that your lawyer has stated? DEFENDANT HOLTE: I do. I just want time to negotiate a second on my house. That's the crux of the whole thing. If I get a judgment here today—I need a judgment that can be put on my house to which I need time and I don't want to go to a bank and have a judgment on my house and find that I'm going to have a hard time negotiating under those sets of terms. THE COURT: Are you going to be willing to stipulate to stay execution of judgment in accordance with the terms of the settlement? MR. LEFKOWITZ [Plaintiff's counsel]: Yes. However, we will have a trust deed on the house which will be recorded and the trust deed will be reconveyed back to Mr. Holte upon a successful completion of the $7,000 worth of payments. The one kink that has arisen is that apparently Mr. Holte is in the process of renegotiating a 18 percent second trust deed on his house into a much lower interest rate due to the fact that interest rates have dropped. We have stated to Mr. Holte and to his counsel that we would be willing to subornate [sic] to any refinancing should he want to in a like amount—for example there is a $20,000 trust deed that exists on the property. We would subornate [sic] to another $20,000 trust deed to replace the one on the house that would not inhibit his ability to refinance the property. MR. EKERLING [Defendant's counsel]: I don't think there is a problem. I would only ask that counsel for the plaintiff prepare the judgment. MR. LEFKOWITZ [Plaintiff's counsel]: I would ask that the minute order constitute the judgment in this case. THE COURT: There is no minute order. The minute order would have to have all of those facts set out. The court reporter has taken them down. We need an attorney order and then I'll sign it. Mr. Gorman, do you understand the terms of the agreement? PLAINTIFF EDWARD GORMAN: Yes. THE COURT: Mrs. Gorman? PLAINTIFF ELEANOR GORMAN: Yes. PLAINTIFF EDWARD GORMAN: Except for one thing. I think there ought to be an immediate dismissal of the cross-complaint. MR. EKERLING [Defendant's counsel]: The judgment as recited intended to be a judgment for the plaintiff and against the defendant and for the cross-defendant and against the cross-complainant. It could be part of the same judgment. There should only be one judgment. THE COURT: That should take care of it. MR. EKERLING [Defendant's counsel]: Counsel did also remind me of the necessity to secure the signature of Mr. Holte's wife on any trust deed if she is entitled. I think we ought to have a moment off the record. THE COURT: I suggest that we continue this to 1:30. MR. EKERLING [Defendant's counsel]: Could we have just a moment? THE COURT: Yes. . . . MR. EKERLING [Defendant's counsel]: Your Honor, the stipulation as recited is agreeable to the parties. An additional term to be inserted would be as follows: That the plaintiff would agree upon request to subornate [sic] the lien of the aforesaid note secured by deed of trust given to secure the judgment to a new loan to be taken out by the defendant and cross-complainant in an amount not in excess of $6,000 more than the existing second trust deed. The purpose of this, Your Honor, is to enable the defendant to be able to refinance the existing second trust deed upon more favorable terms and conditions. And it is expected that such refinancing would net the defendant $6,000 more than the balance due on the existing second. The plaintiff would subornate [sic] the lien of the judgment contemplated herein and have the note secured by deed of trust contemplated herein to the said new second trust deed which may be in an amount equal to $6,000 more than the balance due at this time and no more. MR. LEFKOWITZ [Plaintiff's counsel]: There is a further stipulation that the approximate balance due on the first trust deed is $50,000 and the approximate amount due on the second deed of trust is $10,000. Is that true, counsel? MR. EKERLING [Defendant's counsel]: So stipulated. The defendant will so represent to the plaintiff that the balances are as indicated. THE COURT: Is that settlement with that additional term agreeable to you, Mr. Holte? DEFENDANT HOLTE: Yes. THE COURT: And to Judge and Mrs. Gorman? PLAINTIFF ELEANOR GORMAN: Yes. PLAINTIFF EDWARD GORMAN: I would ask that we all waive the right to make a move for new trial and waive the right to appeal. THE COURT: I'll get to that. Is it satisfactory with you both? [Both plaintiffs agreed.] THE COURT: Do the parties joined by their counsel waive their right to a new trial and a right to appeal and stipulate that this is a complete settlement of all of your differences that are set forth in the pleadings in this case? DEFENDANT HOLTE: Yes. THE COURT: Counsel? MR. EKERLING [Defendant's

counsel]: Yes. THE COURT: Mr. and Mrs. Gorman? PLAINTIFF EDWARD GORMAN: Yes. PLAINTIFF ELEANOR GORMAN: Yes. THE COURT: COUNSEL? MR. LEFKOWITZ [Plaintiff's counsel]: So stipulated. THE COURT: That will be accepted by the court. Counsel for plaintiffs to draw an attorney order. I'll sign it. Submit it to defendant for approval as to form. You can always get a transcript of the reporter's notes if there is any problem. MR. EKERLING: So that the record is clear the order should include a transcript of the order because it was somewhat lengthy. I think plaintiff should include that at the plaintiffs' expense. MR. LEFKOWITZ: I'll pay for it. Can we have the further stipulation that Mr. Ekerling will approve said order within five days of me delivering it to your office? MR. EKERLING: The rules provide for ten. I believe the rules of court provide if the order is not signed after filing with the court showing service on counsel for the opposing party the court may sign it after ten days. I will approve after ten days or disapprove it within ten days. THE COURT: The stipulation is received by the court."