[No. B015305. Second Dist., Div. Seven. June 13, 1986.]

A.L.L. ROOFING & BUILDING MATERIALS CORP.,
Plaintiff and Respondent, v.
COMMUNITY BANK, Defendant and Appellant.

## COUNSEL

Rosen, Wachtell & Gilbert, Michael L. Wachtell and James H. Lehr for Defendant and Appellant.

Taubman, Simpson, Young & Sulentor and William J. Sulentor for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—A.L.L. Roofing and Building Materials Corp. (A.L.L.) sued Community Bank for conversion and for money had and received. A.L.L. claimed the bank honored a series of checks on which A.L.L.'s indorsement was forged. The trial court granted A.L.L.'s motion for summary judgment and entered a judgment for A.L.L. in the sum of the forged checks plus interest. The bank's only contention on appeal is the interest was improperly computed.

A.L.L. has moved to dismiss the bank's appeal as moot. It contends its claim was voluntarily paid in full by the bank prior to entry of judgment, the judgment having been inadvertently entered by the court. For the reasons set forth below, we dismiss the appeal as moot.

From the record on appeal and the uncontroverted declarations of A.L.L.'s attorney and his secretary in support of the motion to dismiss, the following facts appear.

An order granting summary adjudication of issues in favor of A.L.L. was filed in February 1984. This order included a finding the bank "is liable to A.L.L. for interest at the legal rate from the date of conversion . . . (legal rate 7% until July 1, 1982, 10% thereafter.)." The interest rate used by the court is one of the issues in the bank's appeal. (See *Pacific-Southern Mortgage Trust Co.* v. *Insurance Co. of North America* (1985) 166 Cal.App.3d 703, 716 [212 Cal.Rptr. 754].)

The bank attempted to appeal this order. The appeal was dismissed. After the remittitur issued, A.L.L. filed an almost identical motion for summary

judgment in March 1985. In that motion A.L.L. claimed interest at 10 percent after December 15, 1983, and set forth the amount of interest accruing daily at that rate. The bank filed no written opposition to the motion and did not appear at the hearing. The court, again, granted the motion and directed A.L.L. to prepare a judgment. On April 15, 1985, a proposed judgment was sent to the court with a copy to the bank's attorney. The proposed judgment included the interest previously calculated in the February 1984 order (part at 7 percent, part at 10 percent) "plus interest at 10% from December 16, 1983 to April 10, 1985 . . . ."

On April 18, 1985, the bank's attorney, Ms. Cook, called A.L.L.'s attorney, Mr. Sulentor. Ms. Cook told Mr. Sulentor the bank "wished to pay A.L.L. relative to the forged endorsements," pay sanctions imposed on it in favor of A.L.L., and "*if possible,* avoid a judgment being entered against [the bank]." (Italics added.) Ms. Cook called again on April 22 and told Mr. Sulentor "the bank would pay the entire amount, and that the payment would be expedited." Mr. Sulentor called Ms. Cook later the same day and told her that according to his computation the amount the bank owed as of April 23 was $211,017.46. This included the amount of the checks, sanctions and interest thereon. The next day Ms. Cook called Mr. Sulentor and stated a check would be ready for A.L.L. the following day and "she would call with the exact amount of the check *as she and the bank had calculated it.*" (Italics added.)

A check in the amount of $211,017.46, the same amount Mr. Sulentor had calculated, was delivered to A.L.L. on April 24. The same day Mr. Sulentor mailed Ms. Cook a request for dismissal with prejudice to be filed by the bank when its check to A.L.L. cleared. In his cover letter Mr. Sulentor stated, "Also, when the check has been honored we . . . will advise Judge Jones' Clerk that the matter has been settled. *It may well be that the Judgment has not yet been executed.*" (Italics added.)

The bank's check cleared on April 26 and on that date Mr. Sulentor's secretary called the judge's clerk and advised him the case had been settled, a request for dismissal with prejudice had been sent to the bank's attorney and the judgment submitted to the court need not be signed. Nevertheless, the judgment was signed and filed on May 7, 1985. ▮ We conclude from the facts presented the parties entered into a contract to settle this case and the contract was fully performed when the bank paid the amount agreed upon and A.L.L. executed and delivered to the bank the request for dismissal and informed the court of the settlement and request to dismiss. (Cf. *Burgess v. California Mutual B. & L. Assn.* (1930) 210 Cal. 180, 186 [290 P. 1029].) If a condition of the settlement had been no judgment be entered in the case

the bank could claim failure of consideration. There is no evidence such a condition was included in the agreement. The evidence does show the bank knew a proposed judgment had been submitted to the court before it even expressed its willingness to settle. The bank expressed no more than a wish that judgment not be entered. A.L.L. responded it was possible the bank's wish would come true but never made a promise. There is no evidence the bank's payment was on condition no judgment be entered in the case.

Furthermore, the bank bears the responsibility for the judgment being entered. A.L.L. sent the bank a signed request for dismissal on April 24. The judgment was not signed and filed until May 7, 13 days later. The request for dismissal was never filed. The bank does not deny receiving the dismissal. It has offered no explanation why the dismissal was not filed. ■ If the request for dismissal had been filed and then the judgment inadvertently entered, the judgment would have been void and subject to dismissal on motion of either party. (Code Civ. Proc., § 473, *Provencher* v. *City of Los Angeles* (1935) 10 Cal.App.2d 730, 733 [52 P.2d 983].)

■ It is well settled a party who voluntarily complies with the terms of a judgment impliedly waives the right to appeal. (See 9 Witkin, Cal. Procedure (1985) § 159, p. 169.) The difference in this case is the bank settled with A.L.L. before the judgment was signed and entered. We believe the result should be the same. The reason why an appeal is dismissed if the judgment is satisfied is because the satisfaction moots the issues on appeal. (See *Reitano* v. *Yankwich* (1951) 38 Cal.2d 1, 4 [237 P.2d 39 A.L.R.2d 191], quoting Freeman on Judgments, § 1165, p. 2410.) A prejudgment settlement has the same effect. It is decisive of the rights of the parties and bars reopening the issues settled. Absent a fundamental defect the terms are binding on the parties. (*Gorman* v. *Holte* (1985) 164 Cal.App.3d 984, 989 [211 Cal.Rptr. 34].) "It is generally the rule that the merits of the original controversy are no longer in issue where a compromise agreement is made in good faith and without fraud, duress or undue influence." (*Argonaut Ins. Exchange* v. *Ind. Acc. Com.* (1958) 49 Cal.2d 706, 711 [321 P.2d 460].)

Although not critical to our decision, we note the bank had four opportunities to challenge the interest calculation in the trial court and failed to do so. The first opportunity arose when A.L.L. initially moved for summary judgment. The bank's response to the motion did not address A.L.L.'s interest calculation. The next opportunity occurred when A.L.L. filed its second motion for summary judgment. The bank did not respond to this motion. The third opportunity arose when A.L.L. filed its proposed judgment after the court granted its motion for summary judgment. Again, the bank

did not protest. Finally, the bank had the opportunity to review the interest calculations in the course of the settlement negotiations. Indeed, the bank's attorney informed A.L.L.'s counsel she and her client intended to make an independent calculation of the amount due.

ORDER

The appeal is dismissed. Respondent is awarded costs.

Lillie, P. J., and Thompson, J., concurred.