[No. H005462. Sixth Dist. May 21, 1990.]

ROBERT P. SCHIRO, Plaintiff, Cross-defendant and Appellant, v. ANTHONY J. CURCI et al., Defendants, Cross-complainants and Respondents.

COUNSEL

Stone, Clayton & McEvoy and William B. Clayton, Jr., for Plaintiff, Cross-defendant and Appellant.

Heller, Ehrman, White & McAuliffe, Stephen N. Goldberg and Sarah Rubenstein for Defendants, Cross-complainants and Respondents.

OPINION

**CAPACCIOLI, J.**—Plaintiff Robert P. Schiro appeals from the judgment and order granting defendants' motion for entry of judgment pursuant to a

settlement agreement. (Code Civ. Proc., § 664.6.)[1] We will affirm the order and judgment for the reasons stated below.

*Facts*

Plaintiff Schiro and defendants Anthony J. Curci, Antoinette Warrick, and Edenvale Investment Company, Inc. (collectively Curci or defendants) own adjoining parcels of commercial real property in San Jose. Curci claimed an easement for ingress and egress upon a strip of Schiro's property. Schiro brought an action to quiet title to the strip of land and for related relief on June 1, 1979. Curci cross-complained in March 1980, alleging a right to use the strip of land because of an express easement appurtenant created by deed and because of an easement acquired by prescription. The parties pursued the litigation for several years.

The parties settled the case before it went to trial. The superior court's master calendar for June 5, 1984, reflects that the case was set for trial on that day but because it was settled it was not assigned to a judge for trial. Schiro signed the settlement agreement on December 5, 1984, and his attorney signed it on December 6th. It was finally signed by all the interested parties sometime in February of 1985. The agreement was executed more than five years after the commencement of the action.

The agreement entitled "Mutual Release of All Claims" obligated Schiro either to deed over the strip of land in exchange for $17,500 from Curci, or if San Jose regulations prevented the transfer of such a small parcel of land Schiro was to grant defendants a formal easement. The agreement also provided that the superior court would retain jurisdiction over enforcement of the terms of the agreement.

Schiro did not perform, despite Curci's repeated requests that he do so. On October 6, 1988, Curci brought a motion in superior court to enforce the agreement and to enter judgment on it pursuant to section 664.6. Schiro opposed the motion arguing, among other things, that because the parties did not settle the action within five years of its commencement, the court was bound, on its own motion, to dismiss it pursuant to section 583.310. The trial court granted Curci's motion for an order enforcing the agreement and for entry of judgment, and judgment was entered on December 8, 1988. On appeal Schiro argues again that the trial court was bound to dismiss the action based on section 583.310 et seq.

---

[1] Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

*Discussion*

■ This case involves the interaction between section 583.310 and section 664.6, and ultimately rests on the determination of whether section 664.6 is applicable. Since the basic inquiry is whether section 664.6 applies, this appeal raises a legal issue upon which we exercise our independent judgment. (*City of Fresno* v. *Maroot* (1987) 189 Cal.App.3d 755, 760-762 [234 Cal.Rptr. 353]; *Datatronic Systems Corp.* v. *Speron, Inc.* (1986) 176 Cal.App.3d 1168, 1171-1172 [222 Cal.Rptr. 658].) We find that section 664.6 applies, and that the trial court properly granted the motion for entry of judgment based thereon.

Schiro argues the trial court should have dismissed the action on its own motion pursuant to section 583.310 et seq. Section 583.310 provides that an action shall be brought to trial within five years of its commencement. Excluded from the computation of time is the time during which bringing the action to trial is "impossible, impracticable, or futile." (§ 583.340, subd. (c).) The parties may stipulate to extend the time. (§ 583.330.) The requirements of the article are mandatory; "an action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article." (§ 583.360.) The provision regarding judgment on settlements, section 664.6 provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

In granting defendants' motion brought pursuant to section 664.6, the trial court followed the rule found in *Gorman* v. *Holte* (1985) 164 Cal.App.3d 984, 986 [211 Cal.Rptr. 34], in which plaintiffs sued for breach of contract and fraud. The parties settled the action at the mandatory settlement conference, and stipulated to the terms of the settlement on the record in open court. (*Id.* at pp. 986-987.) Plaintiffs' counsel prepared an order reflecting the settlement agreement, but it was rejected by defendants' counsel, who proposed a different version. (*Id.* at p. 987.) Plaintiffs sent their order to the court asking the court to sign it despite defendants' disapproval, but the court did not respond. (*Ibid.*) Several months later defendants brought a motion to dismiss for failure to bring to trial within five years pursuant to section 583, subdivision (b) (the predecessor to § 583.310). (*Id.* at p. 986.) The trial court granted the motion and the appellate court reversed. (*Ibid.*)

The appellate court agreed with plaintiff that once the parties arrived at a complete settlement of their dispute, there remained no issues to be tried. (164 Cal.App.3d at p. 987.) An action settled by an agreement between the

parties will not proceed to trial, reasoned the court, so that such a settlement renders the five-year limit for bringing to trial of section 583 legally irrelevant. (*Ibid.*) The dispute had been finally disposed of, and nothing remained except to execute the agreement formally. (*Id*. at pp. 987-988.) "A settlement contract also has the attributes of a judgment in that it is decisive of the rights of the parties and serves to bar reopening of the issues settled. Absent a fundamental defect in the agreement itself the terms are binding on the parties. (Citation.)" (*Id*. at p. 988.) The order of dismissal was reversed. (*Id*. at p. 989.)

The court in *Varwig* v. *Leider* (1985) 171 Cal.App.3d 312 [217 Cal.Rptr. 208], reached a contrary result. The parties settled the action at a pretrial conference; plaintiff was to cancel liens and to pay bills, and upon proof of the same to defendants within 30 days, defendants would cancel the $40,000 note owed by plaintiff and pay him $35,000. (*Id*. at p. 314.) Plaintiff did not furnish the required proof. (*Ibid*.) Having been settled, the matter was taken off calendar until defendants moved for dismissal under section 583, subdivision (b). (*Ibid*.) Plaintiff opposed the motion on the ground the matter had settled, so that dismissal under section 583 was inappropriate. (*Ibid*.) The trial court granted the motion to dismiss and plaintiff appealed from the dismissal. (*Ibid*.)

The appellate court affirmed the trial court's ruling. (171 Cal.App.3d at p. 316.) The court took the view that until one party moved to enforce the settlement, as by moving for entry of judgment on the settlement agreement pursuant to section 664.6, the matter was not finally disposed of, and if not brought before a trier of fact within five years, was subject to dismissal. (*Id*. at p. 315.) The court thought that *Gorman* v. *Holte, supra*, 164 Cal.App.3d 987, might be distinguishable since there plaintiff moved for entry of judgment before defendant moved to dismiss; however, the court disagreed with the *Gorman* court's holding that a settlement agreement precludes application of section 583. (171 Cal.App.3d at pp. 315-316.)

■ We will follow *Gorman* v. *Holte, supra*, because we think it enunciates the better rule. In view of the policy of the law highly favoring settlements (see, e.g., *Hastings* v. *Matlock* (1985) 171 Cal.App.3d 826, 837 [217 Cal.Rptr. 856]), we think the fact a settlement is finally executed after the five-year period has run is immaterial. Although section 583.360 recognizes the right of defendant and of the court on its own motion to move to dismiss, here it was plaintiff Schiro who sought to dismiss the action. Here if we held dismissal was warranted, it would mean the law condones a party's signing a settlement agreement knowing the agreement is a nullity.

We think a specific exception enunciated in section 583.340, subdivision (c) applies; during the time between the agreement to settle and the final

execution of the settlement agreement by all the interested parties, it would have been "futile" to bring the action to trial because all the issues had been resolved through settlement. It follows that as a matter of law the trial court correctly granted defendants' motion for entry of judgment pursuant to section 664.6.

■ If we viewed the issue presented as one of fact, it would be whether the settlement agreement constituted an implied waiver or extension of the five-year statute. In that event the standard of review would be whether the trial court's interpretation was supported by substantial evidence. (*Fiore* v. *Alvord* (1985) 182 Cal.App.3d 561, 563, 565 [221 Cal.Rptr. 400].) In view of the fact that the settlement agreement vested continued jurisdiction in the court to supervise compliance with its terms, we would concur in the trial court's implied finding that the parties impliedly waived their rights under the dismissal statute.

The judgment is affirmed. Each party to bear its own costs.

Agliano, P. J., and Bamattre-Manoukian, J., concurred.