[No. B046673. Second Dist., Div. Five. May 20, 1991.]

MALOUF BROS., et al., Plaintiffs and Respondents, v.
CHARLES S. DIXON, Defendant and Appellant.

## COUNSEL

Charles S. Dixon, in pro. per., for Defendant and Appellant.

Burlison & Luostari and Walter R. Luostari for Plaintiffs and Respondents.

## OPINION

ASHBY, J.—Defendant and appellant Charles S. Dixon appeals from a judgment compelling appellant to comply with a previous settlement agreement with plaintiffs and respondents Malouf Bros. (a general partnership), James Malouf and Clark Harmening. (Code Civ. Proc., § 664.6.)[1]

Respondents are grading and excavating contractors. Appellant contracted for respondents to construct a road on property owned by appellant in Kern County.

On July 19, 1983, respondents sued appellant for more than $35,000 remaining due on the contract work.

On June 16, 1987, the suit was settled at the mandatory settlement conference. The terms of the settlement were stated in open court. Appellant would convey parcel B of parcel map 5883, constituting 15.04 acres, to respondents; respondents would pay appellant $10,000 cash in 90 days; and the parties would mutually dismiss the complaint and cross-complaint. Respondents, at their expense, would repair portions of the road that were washed out; the road would be tested by a qualified soil engineer for compaction; and respondent Harmening would pay $500 to appellant to be paid over to the soil engineer.

Thereafter appellant refused to convey the deed to parcel B, contending that the road repairs were unsatisfactory. The parties exchanged correspondence about this dispute between September 1987 and May 1988.

On January 27, 1989, respondents filed their motion to enforce the settlement pursuant to Code of Civil Procedure section 664.6. The trial court held three hearings, twice suggesting that the matter could be resolved to everyone's satisfaction by having the County of Kern reapprove the road or

---

[1]Code of Civil Procedure section 664.6 provides, "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

by obtaining a third party engineer's report. At the third hearing, the trial court granted respondents' motion to enforce the settlement agreement.

Judgment was filed July 28, 1989, requiring appellant to convey the deed upon payment by respondents of $10,000. Appellant's subsequent motion to vacate the judgment was denied.

## CONTENTIONS

Appellant contends (1) the trial court lacked authority to resolve factual disputes on a motion under Code of Civil Procedure section 664.6, because such a motion must be treated as a motion for summary judgment (Code Civ. Proc., § 437c), and (2) the trial court was required to dismiss the action because respondents failed to enforce the settlement agreement before five years from the filing of the original complaint. (Code Civ. Proc., § 583.310.)

There is no merit to these contentions. (1) By enacting Code of Civil Procedure section 664.6, the Legislature authorized trial courts to enforce settlement agreements by motion procedure, superseding prior case law that treated nonstatutory motions as summary judgment motions. (2) The five-year statute is inapplicable after a settlement in open court.

## ISSUES OF FACT

Appellant contends he raised triable issues of fact whether the soil compaction and slope were satisfactory following the road repairs made by respondents pursuant to the settlement agreement. Appellant cites *DeGroat* v. *Ingles* (1983) 143 Cal.App.3d 399, 401 [191 Cal.Rptr. 761] for the proposition that a motion to enforce a settlement agreement is to be treated as a motion for summary judgment, which must be denied if there remains a disputed issue of material fact. He contends he was entitled to a jury trial on disputed factual issues. This contention lacks merit because *DeGroat* was not based upon, nor did it discuss, Code of Civil Procedure section 664.6. *DeGroat* was based upon common law existing prior to enactment of the statute. *DeGroat* followed case law which criticized *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563], the case which authorized a nonstatutory "speaking motion" to enforce a settlement agreement.

By enacting Code of Civil Procedure section 664.6 in 1981 (Stats. 1981, ch. 904, § 2, p. 3437), the Legislature endorsed the nonstatutory speaking motion procedure; the trial court is no longer limited to summary judgment in enforcing settlements. (*Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989, 994 [203 Cal.Rptr. 356]; *Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1189-1190 [213 Cal.Rptr. 790]; *Richardson* v.

*Richardson* (1986) 180 Cal.App.3d 91, 96 [225 Cal.Rptr. 370]; *Fiore* v. *Alvord* (1985) 182 Cal.App.3d 561, 565 [221 Cal.Rptr. 400]; *City of Fresno* v. *Maroot* (1987) 189 Cal.App.3d 755, 760-761, fn. 3 [234 Cal.Rptr. 353].) The court in its discretion may determine the motion upon declarations alone. (*Richardson* v. *Richardson, supra,* 180 Cal.App.3d at p. 97; *Corkland* v. *Boscoe, supra.*)

Therefore the trial court was authorized to determine that respondents had complied with their road repair obligations notwithstanding appellant's assertions to the contrary.

■ Appellant also contends the trial court was required to issue a statement of decision. There is no merit to this contention. Code of Civil Procedure section 664.6 does not expressly require a statement of decision. Code of Civil Procedure section 632 requires a statement of decision, on request, only "upon the trial of a question of fact by the court." The questions of fact raised by the complaint and answer in the parties' underlying suit were not tried; they were resolved without trial by the parties' settlement. (Code Civ. Proc., § 590; see *In re Marriage of Simmons* (1975) 49 Cal.App.3d 833, 836 [123 Cal.Rptr. 213].) The trial court merely resolved questions about the settlement, by motion procedure as authorized by section 664.6. A statement of decision is not required for decisions by motion or in special proceedings. (*Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1026 [215 Cal.Rptr. 708]; *In re Marriage of Baltins* (1989) 212 Cal.App.3d 66, 79-80 [260 Cal.Rptr. 403]; *Taliaferro* v. *Hoogs* (1965) 236 Cal.App.2d 521, 530 [46 Cal.Rptr. 147].)

### FIVE-YEAR PERIOD

■ Code of Civil Procedure section 583.310 requires that an action be dismissed if not brought to trial within five years after the action is commenced. Appellant contends the action must be dismissed because the settlement was not enforced within the five-year period.[2] We reject this contention.

In *Gorman* v. *Holte* (1985) 164 Cal.App.3d 984 [211 Cal.Rptr. 34], the court held that the five-year limit (then Code Civ. Proc., § 583, subd. (b)) is irrelevant to a motion to enforce a prior settlement agreement. The court reasoned that the purpose of the five-year limit is to prevent avoidable delay in bringing an action *to trial;* when the parties reached a complete settlement in open court, "there remained no issues to be tried" and "a final disposition had been made of the dispute." (*Id.* at p. 987.) The court stated that former

---

[2]There is ambiguity whether the complaint in this case was filed on July 19, 1983, or November 27, 1984. In light of our resolution of the legal issue, it makes no difference.

Code of Civil Procedure section 583 "does not require that every action either be brought to trial or suffer dismissal. Such an interpretation would be counter to the well-established and long-supported public policy of encouraging pretrial settlements. [Citations.] Section 583 applies exclusively to disputes which can and will be resolved only by trial." (*Id.* at p. 988.) The court held that a settlement agreement need not be enforced within the five-year period. "Nothing in section 583 . . . requires that a case reach 'judgment' within five years. It merely requires that a trial commence within the statutory period." (*Ibid.*)

The court concluded, "While certain time constraints may govern the mechanics of enforcing the settlement agreement those constraints are not to be found in Code of Civil Procedure section 583, subdivision (b)." (164 Cal.App.3d at p. 989.)

Appellant cites *Varwig* v. *Leider* (1985) 171 Cal.App.3d 312 [217 Cal.Rptr. 208], which expressed a contrary view. The *Varwig* court stated that a broader purpose of former Code of Civil Procedure section 583, subdivision (b) is to achieve a final disposition within five years so that the matter no longer be pending before a trial court. The court held that a party should enforce a compromise agreement by having it entered as a judgment within the five-year period. (*Id.* at pp. 315-316.)

In *Schiro* v. *Curci* (1990) 220 Cal.App.3d 840, 844 [269 Cal.Rptr. 639], the court considered *Gorman* and *Varwig* and stated, "We will follow *Gorman* v. *Holte, supra,* because we think it enunciates the better rule. In view of the policy of the law highly favoring settlements . . . we think the fact a settlement is finally executed after the five-year period has run is immaterial."

We also agree with *Gorman.* Once the parties have stated a complete settlement in open court, the court can assume the matter has indeed been finally disposed. Details of execution may remain, but it is reasonable to assume the matter will not go to trial. If a dispute about the settlement develops, it can be resolved through the streamlined procedure of Code of Civil Procedure section 664.6.

The *Varwig* view might prevent settlements on the eve of trial shortly before the five-year deadline or settlements which enable the defendant to avoid a court judgment. The law should encourage the avoidance of needless trials. As in *Gorman* and *Schiro,* we see no compelling reason why a settlement agreement must be reduced to judgment within a five-year period.

The judgment is affirmed. Respondents' motion for sanctions for a frivolous appeal is denied. Costs on appeal are awarded to respondents.

Turner, P. J., and Grignon, J., concurred.