Filed 9/6/13  Hermanson v. Patterson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| BARRY HERMANSON et al., | |
| Plaintiffs and Respondents, | G047401 |
| v. | (Super. Ct. No. 30-2009-00125179) |
| SCOTT PATTERSON et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, William M. Monroe, Judge.  Reversed and remanded.

Timothy A. Hootman; Cristobol M. Galindo, for Defendants and Appellants.

Robert S. Lewin for Plaintiffs and Respondents.

## INTRODUCTION

Appellant Scott Patterson and respondent Barry Hermanson entered into a joint venture involving the importation and sale of merchandise from China. They fell out, and respondent Hermanson sued Patterson in superior court. The parties settled the lawsuit, entering into a settlement agreement that required Patterson to pay off a promissory note over three years. The parties also stipulated to the entry of judgment if appellant Patterson defaulted.

As the three-year period was about to end, respondent accused appellant of defaulting on the note. Appellant disagreed. Respondent applied ex parte to the superior court for entry of his stipulated judgment, a proceeding respondent opposed. The court granted the ex parte application and entered judgment for $50,660.75, exclusive of attorney fees and costs. It later denied appellant's request to set aside the judgment.

Although it appears that respondent was entitled to judgment in some amount, we are sending the case back to recalculate this amount. We perceive a significant discrepancy between what the evidence showed appellant still owed on the note at the time of default and the amount of the judgment entered against him. If this is so, then the judgment would constitute an unlawful penalty. The court must revisit the evidence presented regarding the payments on the note to ensure that respondent is not collecting far more than his due. It should also look more closely at the attorney fee award.

## FACTS

Appellant and respondent entered into a written settlement agreement, which included a promissory note in the principal amount of $111,500. Appellant was to pay off the note, plus 7 percent interest, in monthly installments over three years, beginning on August 5, 2009. If any payment was not received within five days of the due date, respondent could accelerate the entire balance.

2

The settlement agreement also required appellant to sell the joint venture's inventory on hand, which he estimated to be worth at least $40,000, and to pay this money to respondent. Appellant undertook to sell half of the inventory by July 10, 2010, and the remainder by July 10, 2011. If he did not sell all of the inventory for at least $40,000 by the dates specified, the balance would be added to the note. The total settlement was therefore worth $151,500, exclusive of interest. The settlement agreement also included a stipulation for judgment, whereby respondent could apply ex parte to have a $150,000 judgment entered in the event any default was not cured within 10 days of a written notice of default. The judgment would also include attorney fees and costs.

Appellant made the initial July 10, 2010 deadline, selling the first half of the inventory for $20,000. He did not make the second deadline, and a balance of $7,263.03 was added to the note, with interest at 7 percent, to reflect the unsold portion of the inventory.

Apparently everything ran smoothly until June 2012, when there were only two payments left on the note. Respondent's counsel notified appellant he was in default for not making the June payments on the original balance and the unsold inventory balance, $4,000 and $683.61 respectively. Respondent elected to accelerate the balances, which came to $18,571.69 and $852.09, for a total of $19,423.78. The notice letter attached an amortization schedule showing the amounts paid, principal and interest, for both balances.

Appellant did not cure the default, and respondent applied to the court ex parte to enter the stipulated judgment. Respondent told the court that appellant had paid $99,339.23 on the note, so the amount of the judgment should be $50,660.75, plus costs and attorney fees.[1] The court entered judgment for a total of $54,052.

---

[1]      The $99,399.23 figure seems to represent payment of principal only on both the note balance and the inventory balance, without any credit for interest payments.

3

Appellant objected to the entry of judgment on the ground he had not received credit for inventory he had sold after July 10, 2011. He claimed he should be credited for this amount ($12,744) against the balance of the note. He moved to set aside the judgment on the grounds that he had already paid respondent everything he was owed under the note. The court denied his motion.

## DISCUSSION

Code of Civil Procedure section 664.6 permits a trial court to enforce a written settlement agreement signed by the parties themselves by entering judgment pursuant to the terms of the agreement, without requiring the initiation of another lawsuit or a costly motion for summary judgment. (See *Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809; *Malouf Bros. v. Dixon* (1991) 230 Cal.App.3d 280, 283-284; *City of Fresno v. Maroot* (1987) 189 Cal.App.3d 755, 762.) A settlement agreement is a contract (*Nicholson v. Barab* (1991) 233 Cal.App.3d 1671, 1683), and we review the trial court's enforcement of the agreement as we would review any dispute over contract enforcement. We interpret the contract language itself de novo (*Appleton v. Waessil* (1994) 27 Cal.App.4th 551, 556; *Stratton v. First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1084), and we review any factual findings the court has made to arrive at its decision for substantial evidence. (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911; *Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711.)

We agree with the trial court's implicit finding that appellant was not entitled to credit for the inventory he sold after July 10, 2011. The settlement agreement was very clear on that subject. Appellant had to sell the inventory by certain dates; if he failed to meet the deadlines, the amount by which he fell short of $40,000 was to be added to the note. And that is what happened. The balance of the note was increased by the amount of the inventory appellant failed to sell by July 10, 2011. His inventory sales after July 10 are outside the scope of the settlement agreement.

4

We also agree that substantial evidence supports the trial court's finding appellant defaulted on the note. Although appellant claimed to have tendered checks to respondent for the June 2012 payments, copies of these checks or other evidence of these payments was nowhere in sight.[2] The note gave respondent the right to accelerate the unpaid balance, and the stipulation gave respondent the right to apply for the entry of judgment against respondent in the event of default. Substantial evidence supports the trial court's conclusion that there was a default.

Beyond that, however, we cannot find evidence to support the amount of the judgment. Respondent explains that the "judgment is based on the total amount of the stipulated judgment ($150,000 . . .), less credit for the amount of principal paid against the note."[3] Indeed, that appears to be precisely how the judgment was calculated. The total principal paid on the note was $99,339.25, and subtracting that figure from $150,000 results in the amount of the judgment: $50,660.75.

But this calculation results in respondent recovering far more from appellant's failure to pay off the note than he would have recovered if appellant had fully performed. Full performance would have required appellant to pay an additional $19,423.78, the amount stated in respondent's demand letter. Under Civil Code section 3358, respondent cannot recover more in damages for breach of an obligation than he could if appellant had fully performed. To us, this appears to be a penalty: "The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract." (*Garrett v. Coast & Southern Fed. Sav. & Loan Assn.* (1973) 9 Cal. 3d 731, 739, superseded by statute on

---

[2] Appellant attached copies of two checks, each dated July 5, 2012, to his opposition to the ex parte application for entry of stipulated judgment. Both checks were for amounts significantly under the amounts that were supposed to be paid by June 5.

[3] Although the stipulation did not expressly so provide, respondent sensibly subtracted the amount of some payments made from the amount being requested from the court. If respondent had sought the entire $150,000 judgment, regardless of the amounts appellant had already paid, appellant could have been relieved from that portion of the settlement agreement as a forfeiture, especially since he had made all but two of thirty-six payments. (See, e.g., *O'Morrow v. Borad* (1946) 27 Cal.2d 794, 800-801; Civ. Code, § 3275.)

5

other grounds; accord, *Greentree Financial Group, Inc. v. Execute Sports, Inc.* (2008) 163 Cal App.4th 495, 501 [stipulated judgment more than triple settlement amount].) Such a penalty would, as these cases point out, not be allowed.

This has to be corrected or explained to us. The trial court must look closely at the evidence presented and award as a judgment only that amount still owing on the note, taking into account all of the payments, principal and interest, already made. The court may wish to hold a hearing on this issue. If, in fact, the amount of the judgment is significantly reduced, the court should look again at the attorney fees awarded to respondent. The schedule set forth in Orange County Superior Court Local Rule 366 for default judgments might provide a useful yardstick for this purpose.

## DISPOSITION

The judgment is reversed, and the matter is remanded for a recalculation of the amount. The court may hold a hearing on this issue if it wishes. The parties are to bear their own costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.

6