NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| OSTRICH INTERNATIONAL COMPANY LTD., a foreign corporation,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>MICHAEL A. EDWARDS GROUP INTERNATIONAL, INC., DBA MAE Group International, Inc., a California corporation; MICHAEL A. EDWARDS, an individual,<br><br>   Defendants-third-party-plaintiffs-Appellees,<br><br> v.<br><br>AETCO, INC.; DEEPMALA SENGUPTA, AKA Mala Taylor, an individual, a shareholder, officer and director of Aetco, Inc.,<br><br>   Third-party-defendants-Appellants. | No. 23-55529<br><br>D.C. No.<br>2:21-cv-00639-JVS-AS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 15, 2024[]
Pasadena, California

Before: GOULD, N.R. SMITH, and MENDOZA, Circuit Judges.

AETCO, Inc. and Deepmala Sengupta ("appellants") appeal the district court's order granting in part Ostrich International Company Ltd's motion to enforce a settlement agreement arising from Ostrich's diversity action against Michael A. Edwards Group International, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's enforcement of a settlement agreement for an abuse of discretion. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "Reversal is appropriate only if the court based its decision on an error of law or clearly erroneous findings of fact." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (citation and internal quotation marks omitted). We affirm.

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Under California law— which applies to this case—a settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. *See*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gorman v. Holte*, 211 Cal. Rptr. 34, 37 (Cal. Ct. App. 1985) (collecting cases).

The district court did not abuse its discretion in allocating the risk of loss to the appellants after a third-party hacker emailed "updated" instructions to appellants that conflicted with the parties' final written settlement agreement. *See Callie*, 829 F.2d at 890. The district court reasonably held that the recipient of fraudulent writing instructions bears the risk of loss because they can easily confirm or verify the correct wire instructions. This finding is consistent with California law which allows courts to allocate the risk of loss to the party best able to avoid it when "it is reasonable in the circumstances to do so." *See Donovan v. RRL Corp.*, 27 P.3d 702, 717 (Cal. 2001) (quoting the Restatement (Second) of Contracts § 154(c)).

Appellants contend that the district court should have determined that Ostrich's attorneys were negligent in failing to maintain the confidentiality of the settlement agreement from third parties. Appellants did not properly raise this argument nor develop the factual record before the district court, and we generally do "not 'consider an issue not passed upon below.'" *Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998) (quoting *Golden Gate Hotel Ass'n v. City & Cnty. of S.F.*, 18 F.3d 1482, 1487 (9th Cir. 1994)).

**AFFIRMED**.