[No. B186707. Second Dist., Div. Eight. Mar. 12, 2007.]

JEFF LEVITZ, Plaintiff and Appellant, v.
THE WARLOCKS et al., Defendants and Respondents.

COUNSEL

Freund & Brackey, Craig A. Huber and Derek S. Lemkin for Plaintiff and Appellant.

Lisa M. Bassis for Defendants and Respondents.

OPINION

**RUBIN, Acting P. J.**—Former California Rules of Court, rule 225(c) (since renumbered Cal. Rules of Court, rule 3.1385) provided that when parties settle an entire case, the plaintiff must either (1) notify the court of the settlement and file a motion to dismiss the action, or (2) show good cause

why the case should not be dismissed. (Former Cal. Rules of Court, rule 225(c).)[1] Jeff Levitz appeals from the court's involuntary dismissal of his complaint under former California Rules of Court, rule 225 (rule 225) for filing a show cause declaration that the court deemed too vague. We reverse because we find rule 225 inapplicable.

## FACTS AND PROCEDURAL HISTORY

In April 2004, appellant Jeff Levitz sued his former bandmates in the music group, The Warlocks, for breach of contract and related causes of action.[2] He alleged he had joined the group in 2000, and had played guitar and written songs for the band until it fired him in 2002. By his complaint, he sought payment of money he claimed the group owed him.

In early May 2005, appellant's counsel filed with the court notice of a tentative settlement. Counsel told the court, "The Parties to the instant action have agreed in principle to a settlement of this action in its entirety. All parties respectfully request that this Court set an OSC re: Dismissal for forty-five (45) days from the date of this notice in order to allow the parties to memorialize their agreement in writing and execute all necessary documentation."

The court agreed, and set a hearing on an order to show cause for late June. Before the hearing date, appellant, with respondents' apparent consent, requested a 30-day continuance to give the parties time to overcome a "few remaining hurdles" to a final settlement. Appellant told the court, "Settlement of the instant action in its entirety involves multiple parties and complex rights relating to royalties and publishing arising in the music business. [¶] [And for those reasons] the parties have not been able to memorialize in writing, their oral agreement in principle at this time . . . ." Appellant asked for a continuance to July 25, 2005. The court permitted the delay but ordered "no further continuances will be granted. If a dismissal is not filed by 7-19, all parties to file detailed declarations on 7-20-05."

---

[1] In pertinent part, rule 225 stated, "(a)(1) If an entire case is settled or otherwise disposed of, each plaintiff . . . must immediately file written notice of the settlement . . . with the court . . . ." Subdivision (c), on which the court relied, provided "If the settlement agreement conditions dismissal on the satisfactory completion of specified terms that are not to be performed within 45 days of the settlement, the notice of conditional settlement . . . must specify the date by which dismissal is to be filed. If the plaintiff . . . required to serve and file a request for dismissal within 45 days after the dismissal date specified in the notice does not do so, the court must dismiss the entire case unless good cause is shown why the case should not be dismissed." (Former Cal. Rules of Court, rule 225(c).)

[2] The individual band members that he sued were respondents Bobby Hecksher, Cory Lee Granet, J.C. Rees, Jason Anchondo, and Laura Grisby. He also sued band member Danny Hole, but he is not part of this appeal.

In the succeeding weeks, the parties could not hammer out a final settlement. On the court-imposed deadline of July 20, 2005, respondents filed a declaration with the court reciting their failure to reach a final settlement despite everyone's best efforts. *Respondents therefore asked the court to set the matter for trial.*

That same day, appellant also filed a declaration, echoing what respondents had told the court. Appellant explained to the court, "All parties to the instant action believed agreement in [principle] had been made. However, finer points could not be agreed upon despite the parties' best efforts. After further negotiation and an additional private mediation conducted by Mr. Alfred Schlesinger, the parties were not able to conclusively agree to a final and complete settlement of all aspects of this action." Appellant joined in respondents' request to set the matter for trial.

The court refused to set a trial setting conference. Instead, it proceeded with the hearing on the order to show cause regarding dismissal set for July 25. Reminding the parties that it had "ordered the parties to file detailed declarations to be submitted . . . for the purposes of today's hearing," the court found their declarations contained too little detail. The court stated it "has a hard time believing that 'Oh, we didn't reach a settlement after all' is a good cause [not to dismiss the action], so tell me—tell the court why—what the court has before it is good cause." Appellant's counsel explained the settlement had foundered on the parties' inability to agree on payment for future publishing rights. Unsatisfied by appellant's explanation, the court replied, "The court's calendar will not be handled in that fashion. [¶] When the court says 'detailed declaration,' that's exactly what the court means. Everything that's in your declaration is a conclusion." The court thus dismissed the complaint under then-rule 225(c) (now rule 3.1385(c)). This appeal followed.

## DISCUSSION

A court must rest its involuntary dismissal of a complaint on some legal authority. In this case, the court cited then-rule 225(c). Rule 225 obligated a plaintiff (or any other party seeking relief) who had settled his case to file a notice with the court telling it of the settlement. In addition, the rule required the party to dismiss the settled action within 45 days of entering into the settlement, or else the court would dismiss the action on its own. Rule 225(c) applied those duties to a "conditional settlement," which the rule defined as a settlement containing "specified terms" to be performed more than 45 days after the parties enter into their agreement.

In their first communication with the court about their tentative settlement, the parties notified it they had a settlement "in principle,"

meaning they had yet to fix its exact terms. A settlement with open material terms is not a "conditional settlement." To the contrary, it is not a settlement at all because, like all contracts, it is not binding until the settling parties agree on all its material terms. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810–811 [71 Cal.Rptr.2d 265].) Indeed, respondents note that no settlement truly existed in this case. A "conditional settlement," in contrast, involves a complete meeting of the minds but with some portion of it requiring more than 45 days for its performance. ■ Because the parties never entered into a binding settlement, rule 225 did not apply. The court thus acted beyond its authority when it relied on rule 225, and we therefore reverse the dismissal and order the action's reinstatement.

We recognize a court has the inherent authority to control its calendar. In that vein, the law provides the court with tools to do so. For example, a series of statutes beginning with Code of Civil Procedure section 583.110 permits a court to dismiss an action for a party's failure to prosecute it. (Code Civ. Proc., §§ 583.110–583.430.) But even those statutes' goal of timely disposition of cases allows that settlement negotiations are good cause not to dismiss an action. (See Cal. Rules of Court, rule 3.1342(e)(3) [establishes criteria for dismissing for failure to prosecute, which include extent to which parties engaged in settlement negotiations].)

At the hearing on the order to show cause, appellant's counsel discussed without contradiction by respondents why the settlement negotiations failed. He explained the discussions had sharpened the parties' understanding of their areas of disagreement, particularly involving appellant's future publishing rights to songs he wrote. Only when trying to pin down those rights, counsel explained, did the parties realize they faced a hurdle they could not overcome. Their settlement in principle having collapsed, the parties needed a trial to resolve their dispute. Indeed, it was respondents who initially asked the court to set the matter for trial when the settlement was not realized.

The court dismissed the action because it found the parties' declarations did not contain enough detail.[3] Assuming without deciding that the parties' more expansive explanations during the hearing did not provide the detail the court sought, we note, without criticizing, that the attorneys, not the parties, controlled the amount of detail. As appellant's counsel acknowledges, it is thus he, not appellant, who should rightfully pay the price for the purportedly inadequate declarations (assuming any price should be paid, a point we do not decide here). (Former Cal. Rules of Court, rule 227(b), now rule 2.30(b) [sanctions for violating pretrial rules must be imposed only on counsel if the

---

[3] Respondents contend a second reason appellant's declaration was inadequate was it contained only hearsay. The court did not seem to think so because it rejected the declarations because of insufficient detail, not inadmissibility.

violation is counsel's responsibility; such sanctions must not adversely affect the party's case].) Moreover, as both parties failed to provide enough detail to the court's satisfaction, we do not understand how dismissing appellant's complaint is a suitable sanction for *respondents'* violation of the court's order; instead of punishing respondents, a dismissal rewards them.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings. Each side to bear its own costs on appeal.

Boland, J., and Flier, J., concurred.