Filed 4/29/25  Tex v. Lovely J, Inc. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KOSMA TEX,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOVELY J, INC. et al.,<br><br>    Defendants and Respondents. | B337147<br><br>(Los Angeles County Super. Ct. No. 22STCV33801) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed.

Michael Sayer for Plaintiff and Appellant.

Law Offices of Lee & Park and Sang I. Lee for Defendants and Respondents.

## I.  INTRODUCTION

Plaintiff Kosma Tex brought an action against defendants Lovely J, Inc. and Jung Park.  On the eve of trial, plaintiff filed a notice of conditional settlement pursuant to California Rules of Court, rule 3.1385(c).[1]  Neither plaintiff nor defendants appeared for trial and the trial court dismissed plaintiff's action without prejudice pursuant to Code of Civil Procedure section 581, subdivision (b)(3)[2].  Plaintiff appeals[3] and we affirm.

## II.  BACKGROUND

On October 18, 2022, plaintiff filed an action against defendants.  The matter was set for a court trial in Department 12 on January 5, 2024, at 9:30 a.m.

At 4:52 p.m. on January 4, 2024, the day before trial, plaintiff electronically filed a "Notice of Settlement of Entire Case" (settlement notice).  The settlement notice stated it was a conditional settlement—i.e., the settlement conditioned dismissal

---

[1]  All further rules references are to the California Rules of Court.

[2]  All further statutory references are to the Code of Civil Procedure.

[3]  Plaintiff's notice of appeal states its appeal is "[f]rom an order dismissing the case after notice of settled was filed.  Ca. Rules Court 3.1385(c)(3)(A)."  As here, a dismissal order signed by a trial court and filed constitutes a judgment effective for all purposes.  (§ 581d.)

on the satisfactory completion of specified terms that were not to be performed within 45 days of the date of the settlement—and that a request for dismissal would be filed no later than June 1, 2027. Shortly thereafter, at 4:56 p.m., plaintiff's counsel sent an e-mail to the trial court clerk stating he had electronically submitted the settlement notice, a copy of which he apparently attached.

At 7:29 a.m. the following morning, the judicial assistant for the trial court sent an e-mail to plaintiff's counsel confirming the settlement notice had been received. She also asked if all parties had signed the settlement agreement, if the settlement agreement included a provision under section 664.6 for the trial court to retain jurisdiction, and if the dismissal was with or without prejudice.

Plaintiff's counsel responded at 7:53 a.m. that the parties were circulating the settlement agreement that day and it would include a provision under section 664.6; the parties would enter a stipulation for entry of judgment; and the parties did not want the matter dismissed while "the defendant" was making payments pursuant to the settlement agreement. Minutes later, the judicial assistant responded, "Thank you for the information as of now everything is still set as a Court trial so please make sure to make an appearance."

At 8:12 a.m., plaintiff's counsel replied, "The court cannot proceed with the court trial today." He quoted rule 3.1385(c)(3)(A) for the proposition that "on the filing of the notice of conditional settlement, the court ___must vacate all hearings and other proceedings requiring the appearance of a party___ . . . ." Counsel stated the settlement notice had been electronically filed the day before and the trial court had received

3

notice of the filing by e-mail. Accordingly, counsel asserted, "The notice of settlement prohibits your judge from proceeding with the court trial today."

Later that morning, the trial court called the matter for trial. No party appeared and the court issued the following order: "All parties having failed to appear for trial and having failed to execute a signed settlement agreement by this date as required under [section] 664.6 to actually settle a case, the entire action is ordered dismissed without prejudice and without prejudice to a [section] 473 Motion based on attorney error."

On January 8, 2024, plaintiff filed a motion to vacate the dismissal of its action (motion to vacate). In perfunctory arguments contained in one page, plaintiff apparently argued its compliance with rule 3.1385(c) divested the trial court of jurisdiction to dismiss its action and the court abused its discretion under rule 3.1385(c) in dismissing its action. The record does not reflect that defendants filed an opposition to plaintiff's motion.

The hearing on plaintiff's motion to vacate was set for February 1, 2024. Plaintiff's counsel appeared; there was no appearance for defendants. The trial court took the matter under submission.

On February 9, 2024, the trial court issued a minute order denying plaintiff's motion to vacate. Citing *Carlton v. Dr. Pepper Snapple Group, Inc.* (2014) 228 Cal.App.4th 1200, 1210, the court stated that rules of court "can never override statutory provisions." Rule 3.1385(c) directly conflicted with, but could not override, section 581, subdivision (b)(3) which provides a court may dismiss an action without prejudice when no party appears for trial following 30 days' notice of the time and place of trial.

4

The trial court also ruled that rule 3.1385 did not apply in this case because plaintiff did not have a settlement at the time it filed its settlement notice and corresponded with the clerk. It concluded a case is "settled" within the meaning of rule 3.1385 when the parties have a settlement enforceable pursuant to section 664.6. To be enforceable under that section, a settlement entered outside the presence of the court requires a writing signed by the parties. Plaintiff's counsel did not have a signed writing when he filed the settlement notice.

The trial court noted plaintiff's counsel told the court's judicial assistant on the day of trial that he was in the process of circulating the settlement agreement which the court interpreted to mean counsel was "sending it to all parties and counsel to make sure everyone would (still?) agree to what had been written and then upon agreement, sign the document. . . . Any party could have had a change of mind, or not liked something in the way it had been written up, or simply wanted more time before considering signing anything. . . . Technically, what . . . [p]laintiff advised the court was false, albeit likely just as a result of mistake."

The trial court noted it made clear at the hearing on plaintiff's motion to vacate that the dismissal was without prejudice and if plaintiff had failed to appear "based on what the court regarded as a mistake of law," plaintiff's counsel "could and should seek relief and a reinstatement of the case under . . . section 473." Notwithstanding the court's denial of plaintiff's motion to vacate, plaintiff was still welcome to file a section 473 motion.

## III.  DISCUSSION

### A.    *Legal Principles and Standards of Review*

Rule 3.1385(c)(3)(A) states:  "Except as provided in (B), on the filing of the notice of conditional settlement, the court must vacate all hearings and other proceedings requiring the appearance of a party and may not set any hearing or other proceeding requiring the appearance of a party earlier than 45 days after the dismissal date specified in the notice, unless requested by a party."

Pursuant to section 581, subdivision (b)(3), a trial court *may* dismiss an action without prejudice when no party appears for trial following 30 days' notice of the time and place of trial.  "May" is the traditional language of discretionary power, its exercise subject to review for abuse.  (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 299–300; see *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 [dismissal pursuant to subdivision (f)(2) of section 581 is reviewed for abuse of discretion].)

We review the interpretation of statutes and court rules de novo.  (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123.)  "The rules governing statutory construction are well settled.  We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.]  'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning."'  [Citations.] . . .  Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the

6

face of the statute or from its legislative history." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

A "trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712, fns. omitted.) Under the substantial evidence review standard, "[o]ur authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment. . . . We must accept as true all evidence and all reasonable inferences from the evidence tending to establish the correctness of the trial court's findings and decision, resolving every conflict in favor of the judgment. [Citations.]" (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630–631.)

A trial court "has both the inherent authority and responsibility to fairly and efficiently administer all of the judicial proceedings that are pending before it, and . . . one important element of a court's inherent judicial authority in this regard is 'the power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (*People v. Engram* (2010) 50 Cal.4th 1131, 1146 (*Engram*); *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 758, fn. omitted (*Slesinger, Inc.*) ["From their creation by article VI, section 1 of the California Constitution, California courts received broad inherent power 'not confined by or dependent on statute.' [Citations.] This inherent power includes 'fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation'"], disapproved on another ground by

7

*City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 73, fn. 5.)

B.    *Analysis*

Plaintiff contends that upon the filing of its rule 3.1385(c) settlement notice, the trial court was required to vacate the pending trial and could not require plaintiff's counsel to appear on January 5, 2024.  According to plaintiff, the court abused its discretion by requiring there be a signed settlement agreement pursuant to section 664.6.[4]  We disagree.

Substantial evidence supports the trial court's factual finding that the parties did not have a settlement agreement.  In his correspondence with the court's judicial assistant on the morning trial was to begin, plaintiff's counsel stated the settlement agreement would be circulated later that day.  Counsel also stated, "The settlement agreement *will* have a [section] 664.6 provision," and "The parties *will* also be entering into a stipulation for entry of judgment."  (Italics added.)  We infer from counsel's representations that the parties contemplated a written settlement agreement that had yet to be drafted and which, once drafted, would have to be reviewed, approved, and signed by the parties.

---

[4]    In support of his contention, plaintiff asserts, "As of 1/4/24, the parties had agreed to all of the terms of the settlement.  There was a meeting of the minds, and no terms of the settlement were left open."  Plaintiff does not provide a record citation for these propositions, and our independent review of the record did not find support for them.

Whether or not section 664.6 applies to settlement notices under rule 3.1385(c), rule 3.1385(c) requires a settlement agreement and not an anticipated one. As reflected in plaintiff's counsel's representation to the trial court's judicial assistant, the parties did not have a settlement agreement and, accordingly, rule 3.1385(c)(3)(A) did not apply.[5] We decline plaintiff's invitation to interpret rule 3.1385(c)(3)(A) as requiring the court to vacate all hearings and other proceedings upon the filing of any settlement notice, even one where the evidence before the trial court demonstrates that the parties only anticipate a settlement as such an interpretation would invite mischief by parties and usurp the inherent authority of trial courts.

Accordingly, notwithstanding plaintiff's filing of plaintiff's settlement notice, when the trial court's judicial assistant, whom we presume was acting at the court's direction, informed plaintiff's counsel that the matter remained set for trial and he was to appear, the court was properly exercising its inherent power to control the litigation of a matter on its docket. (*Engram, supra*, 50 Cal.4th at p. 1146; *Slesinger, Inc., supra*, 155 Cal.App.4th at p. 758.)

---

[5] Plaintiff's representations to this Court at oral argument only reinforce this conclusion. As we have mentioned, the e-mail from plaintiff's counsel to the trial court clerk stated the parties' settlement would include a provision under section 664.6. At oral argument, however, the same attorney informed this court that he "didn't want a 664.6 [provision] in a written settlement agreement . . . ." This further substantiates what the trial court found: the parties may have been intent on settling but had not arrived at a settlement agreement.

## IV.   DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


I concur:


BAKER, Acting P. J.

Kosma Tex v. Lovely J, Inc.
B337147


MOOR, J., Dissenting.


I respectfully dissent. After plaintiff and appellant Kosma Tex (Kosma) filed a notice of conditional settlement pursuant to California Rules of Court, rule 3.1385,[1] no party appeared for trial. The trial court interpreted rule 3.1385 to require a signed written settlement agreement, found the parties did not have a settlement agreement within the meaning of the rule, and dismissed the action under Code of Civil Procedure section 581, subdivision (b)(3), for failure to appear at trial. On appeal, Kosma contends rule 3.1385(c) does not require a signed written agreement and the trial date should have been vacated.

I conclude rule 3.1385(c) is not limited to conditional settlement agreements in writing, signed by the parties, or meeting the requirements of Code of Civil Procedure section 664.6, subdivision (a). I also conclude the trial court's finding that the parties had no settlement agreement was based on the court's erroneous interpretation of the term "settlement agreement" in rule 3.1385. Therefore, I would reverse the dismissal order.

---

[1] All further references to rules are to the California Rules of Court.

# FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2022, Kosma filed an action against Lovely J, Inc. and Jung Park (collectively, Lovely).  Trial was set for January 5, 2024, at 9:30 a.m., before Judge Barbara Meiers in Department 12.

On January 4, 2024, at 4:52 p.m., Kosma electronically filed a notice of settlement of the entire case.  The notice expressly stated, "This entire case has been settled."  A box was checked to indicate the settlement was conditional, and added, "The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement.  A request for dismissal will be filed no later than [June 1, 2027.]"  Kosma's attorney signed the notice under penalty of perjury, attesting that the information was true and correct.  The filing date for the notice of settlement was January 4, 2024.  At 4:56 p.m., Kosma's attorney also sent an e-mail to the court clerk for Department 12, attaching the notice of settlement and explaining that the notice had been submitted electronically for filing.

On January 5, 2024, at 7:29 a.m., Judge Meiers' judicial assistant in Department 12 sent an e-mail to Kosma's attorney confirming receipt of the notice of settlement.  The assistant asked:  "1) Did all parties sign the settlement agreement?  [¶] 2) Does the agreement include provision under [Code of Civil Procedure section 664.6] for the Court to retain jurisdiction?  [¶] 3) Type of dismissal?  (with/without [prejudice])".

Kosma's attorney replied at 7:53 a.m.:  "1) The parties are circulating the settlement agreement today.  The settlement agreement will have a [section] 664.6 provision.  [¶] 2) The

2

parties will also be entering into a stipulation for entry of judgment.  [¶] 3) The parties do not want the matter dismissed during the time the defendant will be making payments as noted in the notice of settlement."

The judicial assistant responded at 7:58 a.m. that Kosma should be sure to appear, as the matter was still set for trial that day.  Kosma's attorney responded at 8:12 a.m. that the trial court could not proceed with trial because under rule 3.1385(c)(3)(A), after receiving the notice of conditional settlement, the court was to vacate all proceedings requiring a party's appearance.

The trial court called the matter for trial on January 5, 2024, at 9:42 a.m.  The court ruled as follows:  "All parties having failed to appear for trial and having failed to execute a signed settlement agreement by this date as required under [Code of Civil Procedure section] 664.6 to actually settle a case, the entire action is ordered dismissed without prejudice and without prejudice to a [Code of Civil Procedure section] 473 Motion based on attorney error."

On January 8, 2024, Kosma filed a motion to vacate the dismissal on the ground that under rule 3.1385(c), after receipt of the notice of conditional settlement, the trial court should have vacated any proceedings requiring an appearance.  Lovely did not file any opposition to the motion to vacate the dismissal.

A hearing was held on the motion to vacate the dismissal on February 1, 2024.  Kosma appeared, but there was no appearance for Lovely.  The trial court took the matter under submission and issued a minute order on February 9, 2024, denying the motion.  The court concluded rule 3.1385 directly conflicted with the court's authority under Code of Civil Procedure section 581, subdivision (b), to dismiss an action

3

without prejudice when no party appears for trial, and a court rule cannot override statutory authority to dismiss an action.

In addition, the trial court stated that a careful examination of rule 3.1385 showed it did not apply because "plaintiff had no 'settlement' at the time plaintiff filed its 'Notice of Settlement' " The court quoted a portion of rule 3.1385(a)(1), from which the court concluded a party could not simply believe a settlement would be forthcoming and notify the court that the trial date was vacated, as Kosma had done. The court interpreted rule 3.1385(a)(1) to mean that a party filing a notice of settlement "must actually have a 'settlement,' i.e., an enforceable settlement as defined by law for the purposes of civil litigation as set forth in Code of Civil Procedure section 664.6. That was not present here."

The trial court "spent this extra time on the issue because the proper use of [Code of Civil Procedure] section 664.6 is so essential to private civil litigation." The court quoted the provisions of Code of Civil Procedure section 664.6, subdivision (a), that if parties stipulate "in a writing signed by the parties outside of the presence of the court," the court may enter judgment pursuant to the terms of the settlement. Based on the statutory provisions, the court concluded, "if a settlement is entered into outside of court, it must be by means of a written, completely executed, i.e., signed, document. Plaintiff's own admonitions in its lawyer's e-mail establish that [Kosma's attorney] did not have this when he prematurely called the court clerk to inform her of a 'settlement,' and he incontrovertibly did not have it when he prematurely filed his 'Notice of Settlement of Entire Case' on January 4th or 5th for there is no settlement

4

until the requirements of Code of Civil Procedure section 664.6 are met!" (Emphasis omitted.)

In support of this conclusion, the trial court cited *J.B.B. Investment Partners, Ltd. v. Fair* (2014) 232 Cal.App.4th 974, 984–985 [discussing requirements for enforceable settlement agreements under Code of Civil Procedure section 664.6, but no discussion of rule 3.1385], and *Knabe v. Brister* (2007) 154 Cal.App.4th 1316, 1327 [finding stipulation to transfer jurisdiction over child support order is enforceable without signatures, but is not a settlement agreement on which judgment can be entered under Code of Civil Procedure section 664.6, with no discussion of rule 3.1385].

The trial court added, "The settlement must consist of <u>a signed writing</u>. Plaintiff's counsel is missing this. He admitted that he did not have this on January 5, when he said that he was in the process of 'circulating the agreement,' which means sending it to all parties and counsel to make sure everyone would (still?) agree to what had been written and then upon agreement, sign the document. With the case in this posture, as a matter of law, [Kosma's attorney] did not have a 'settlement' in this case when he contacted the court, either as a matter of law or fact. Any party could have had a change of mind, or not liked something in the way it had been written up, or simply wanted more time before considering signing anything. That is why the framers of [Code of Civil Procedure section 664.6] wisely put in that a document had to be fully executed or an agreement orally entered into before the court before the parties in a [ ]pending legal action could or would be able to start claiming or acting as if a case had 'settled.' Technically, what this Plaintiff advised the court was false, albeit likely just as a result of mistake."

5

The trial court noted that under Kosma's interpretation of rule 3.1385, any counsel who was not ready for trial could file a false notice of settlement to avoid the trial date, then return to court by claiming the agreement fell through, or use the extra time to actually succeed in reaching a settlement later.  If the parties were close to settlement, they could have sought a continuance or requested a conference call.  "[I]n addition, the court explained in the dismissal ruling that the Plaintiff actually lacked a proper enforceable settlement, and made it clear that the dismissal was without prejudice;" Kosma was welcome to file a motion for relief under Code of Civil Procedure section 473 "based on what the court regarded as a mistake of law."

Kosma filed a timely notice of appeal from the January 5, 2024 order dismissing the case.

## DISCUSSION

### I.    Standard of Review

The standard of review in this case is not in dispute.  We review an order dismissing an action under Code of Civil Procedure section 581, subdivision (b)(3), for an abuse of discretion.  (See *Vernon v. Great Western Bank* (1996) 51 Cal.App.4th 1007, 1012–1013 [dismissal for failure to appear not an abuse of discretion]; *Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 498 (*Moyal*) [abuse of discretion standard applies to trial management orders].)  "Discretion is abused whenever it exceeds the bounds of reason, all of the circumstances before it being considered."  (*Moyal, supra*, 208 Cal.App.3d at p. 498.)  We will not disturb the trial court's exercise of discretion unless its order

6

was a clear abuse of discretion and resulted in a miscarriage of justice. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

Generally, we determine whether the trial court's factual findings are supported by substantial evidence, viewing the evidence in the light most favorable to the order on appeal, and then review the trial court's ruling based on those factual findings for an abuse of discretion. (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148; *Hudson v. Foster* (2021) 68 Cal.App.5th 640, 661.)

We independently review, however, whether the trial court applied the correct legal standard while exercising its discretion. (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 509; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230; *Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123.) We presume the trial court understood the scope of its authority under the applicable law, but if the record demonstrates that the trial court misunderstood the scope of its discretion, then the presumption is rebutted and the order must be reversed. (*Barriga v. 99 Cents Only Stores LLC* (2020) 51 Cal.App.5th 299, 333–334.) " 'Therefore, a discretionary decision may be reversed if improper criteria were applied or incorrect legal assumptions were made.' [Citation.]" (*Ibid.*)

We apply traditional rules of statutory construction to interpret the California Rules of Court. (*Webster v. Superior Court of San Bernardino County* (2020) 51 Cal.App.5th 676, 680.) Our goal is to determine the intent of the drafters so we can effectuate the purpose of the rule. (*Ibid.*) To ascertain the intent, we begin with the words of the rule. (*Ibid.*) " 'If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction.' [Citation.]" (*Ibid.*)

## II. Notification to the Court

Kosma contends the trial court incorrectly concluded that the parties must sign a written settlement agreement before rule 3.1385 applies. I conclude Kosma's interpretation of the rule and the evidence is correct, and therefore, I would find the trial court erred in dismissing the case.

### A. Legal Principles Governing Settlement

A settlement agreement is a contract, governed by the legal principles that govern contracts generally. (*Gorman v. Holte* (1985) 164 Cal.App.3d 984, 988 (*Gorman*).) An agreement is enforceable if it is sufficiently definite for the court to determine the obligations of the parties and whether those obligations have been breached. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 811 (*Weddington*).) All of the material terms of the agreement must be well-defined and clearly expressed. (*Id.* at p. 817.)

The parties' outward expression of consent must show the parties agreed to the same thing. (*Weddington, supra*, 60 Cal.App.4th at p. 811.) If a material term is not stated with sufficient certainty or is left to a future agreement, the settlement agreement is uncertain and unenforceable. (*Id.* at p. 813.) But an agreement is not unenforceable simply because minor matters are left for future agreement. (*Ibid.*)

A settlement agreement does not need to be in writing to be enforceable. (*Gorman, supra*, 164 Cal.App.3d at p. 988.) If the evidence shows the parties did not intend a proposed agreement to become operative until it was reduced to writing and signed by

8

the parties, then the agreement is not binding until acceptance is evidenced in the manner agreed upon.  (*Banner Entertainment, Inc. v. Superior Court (Alchemy Filmworks, Inc.*) (1998) 62 Cal.App.4th 348, 358.)  "On the other hand, if the respective parties orally agreed upon all of the terms and conditions of a proposed written agreement with the mutual intention that the oral agreement should thereupon become binding, the mere fact that a formal written agreement to the same effect has not yet been signed does not alter the binding validity of the oral agreement."  (*Ibid.*, fn. omitted.)  "Whether it was the parties' mutual intention that their oral agreement to the terms contained in a proposed written agreement should be binding immediately is to be determined from the surrounding facts and circumstances of a particular case and is a question of fact for the trial court."  (*Ibid.*)

To enforce a settlement agreement, a party may amend the pleadings to assert the settlement or file a separate action for breach of contract or equitable relief.  (*Weddington, supra*, 60 Cal.App.4th at p. 809; *Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal.App.5th 448, 457–458; *Gorman, supra*, 164 Cal.App.3d at p. 989.)  In addition, Code of Civil Procedure section 664.6 provides a summary procedure for enforcement of a settlement agreement within the lawsuit, without filing a new action, if the requirements of the statute are met.  (*Weddington, supra*, 60 Cal.App.4th at p. 809.)  To invoke the summary enforcement procedure of Code of Civil Procedure section 664.6, parties must stipulate to settlement of the case in a signed written agreement or orally before the court.  (Code Civ. Proc., § 664.6, subd. (a).)

## B.  Rule 3.1385

Rule 3.1385 is a case management tool intended to reduce delay by helping courts identify inactive cases that do not require judicial attention.  (*Irvine v. Regents of University of California* (2007) 149 Cal.App.4th 994, 1001 (*Irvine*).)  The rule requires parties to promptly notify the court when an entire case has been resolved, including the timeframe for dismissal.

Rule 3.1385(a)(1) states:  "If an entire case is settled or otherwise disposed of, each plaintiff or other party seeking affirmative relief must immediately file written notice of the settlement or other disposition with the court and serve the notice on all parties and any arbitrator or other court-connected alternative dispute resolution (ADR) neutral involved in the case.  Each plaintiff or other party seeking affirmative relief must also immediately give oral notice to all of the above if a hearing, conference, or trial is scheduled to take place within 10 days."

Based on the plain language, rule 3.1385(a)(1) applies when an entire case has been "settled or otherwise disposed of."  The rule does not contain any limitation to cases settled in writing, with signatures of the parties, or in a manner enforceable under Code of Civil Procedure section 664.6.  If the parties enter into a binding agreement resolving the entire case, whether orally, through an exchange of emails, in a signed writing, or any other form, rule 3.1385(a)(1) requires the party seeking relief to notify the court immediately.  The rule does not require the parties to provide the agreement to the court.

Under rule 3.1385(b), the party seeking affirmative relief must file a request for dismissal of the entire case within 45 days after the date of settlement, other than for certain settlements

10

that are not to be completed within 45 days or concern claims of minors or disabled persons.[2]  If no dismissal is filed, the court must dismiss the entire case 45 days after receiving the notice of settlement unless good cause is shown why the case should not be dismissed.  (Rule 3.1385(b).)

Rule 3.1385(c) governs settlement agreements with terms that must be performed before the case is dismissed, but will not be completed within 45 days.  Rule 3.1385(c)(1) states:  "If the settlement agreement conditions dismissal of the entire case on the satisfactory completion of specified terms that are not to be performed within 45 days of the settlement, including payment in installment payments, the notice of conditional settlement served and filed by each plaintiff or other party seeking affirmative relief must specify the date by which the dismissal is to be filed."  If no dismissal is filed within 45 days after the dismissal date in the notice, the court must dismiss the entire case unless good cause is shown why the case should not be dismissed.  (Rule 3.1385(c)(2).)

I conclude the plain meaning of "settlement agreement" in rule 3.1385(c)(1) includes any binding settlement agreement, whether made orally, through an exchange of emails, in a signed

---

[2] Rule 3.1385(b) provides in full:  "Except as provided in (c) [concerning conditional settlements] or (d) [concerning claims of minors or disabled persons], each plaintiff or other party seeking affirmative relief must serve and file a request for dismissal of the entire case within 45 days after the date of settlement of the case.  If the plaintiff or other party required to serve and file the request for dismissal does not do so, the court must dismiss the entire case 45 days after it receives notice of settlement unless good cause is shown why the case should not be dismissed."

11

writing, or any other form of agreement. Nothing in rule 3.1385(c)(1) states that it applies only to conditional settlement agreements that are in writing, signed by the parties, or enforceable under Code of Civil Procedure section 664.6. It would not be reasonable to conclude the drafters of rule 3.1385 used "settled" in subdivision (a) to mean all forms of settlement agreements, but used "settlement agreement" in subdivision (c) to refer solely to agreements in writing signed by the parties, without expressly stating the requirements. Also, if the drafters intended rule 3.1385 to apply solely to settlements in writing that are signed by the parties, they clearly knew how to specify these requirements. To interpret rule 3.1385 to apply solely to signed written agreements would present a trap for the practitioner.

In 2013, the Judicial Council amended rule 3.1385 to add, among other provisions, subdivision (c)(3)(A), which states: "(A) Except as provided in (B) [for hearings related to sanctions or good faith settlement determinations], on the filing of the notice of conditional settlement, the court must vacate all hearings and other proceedings requiring the appearance of a party and may not set any hearing or other proceeding requiring the appearance of a party earlier than 45 days after the dismissal date specified in the notice, unless requested by a party."

Prior to adopting this amendment, the Judicial Council circulated an invitation to comment that explained the purpose of the proposed amendment. (Judicial Council of Cal., Invitation to Comment, SPR12-12 (2012), Civil Practice and Procedure: Notice of Conditional Settlement.) A conditional settlement, such as a settlement paid in installment payments, might not be completed for years. (*Id*. at p. 1.) "There is no need during that time for the parties to appear in court for case management conferences or

12

other activities.  [¶] Attorney members of the [Civil and Small Claims Advisory Committee's Collections Cases Working Group] reported, however, that often they receive notices from courts setting case management conferences or orders to show cause during the period between the filing of the notice of conditional settlement and the dismissal date.  As a result, parties and courts incur the time and expense of unnecessary court appearances.  This proposal is being circulated at this time because it is urgently needed to remedy a problem that is causing significant cost or inconvenience to the courts or the public." (*Id.* at pp. 1–2.)  "This proposal is expected to result in long-term cost savings and time savings for courts and litigants, because unnecessary court appearances in conditionally settled cases will be eliminated. . . .  After a case is conditionally settled, a court should not be holding case management conferences or other proceedings requiring the appearance of parties.  But based on reports to the working group that were communicated to the advisory committee, this happens frequently in some courts, particularly in consumer collections cases in which defendants agree to installment payments." (*Id.* at p. 3.)  Nothing in the Judicial Council's invitation to comment suggests a conditional settlement agreement must be in writing, signed by the parties, or comply with Code of Civil Procedure section 664.6, before rule 3.1385(c)(3)(A) applies.

The plain language of rule 3.1385(c)(3)(A) provides that upon receipt of a notice of conditional settlement of the entire case, the court must vacate any proceedings requiring an appearance and cannot set any proceeding requiring an appearance until 45 days after the dismissal date specified in the notice, unless requested by a party.  The parties have not

13

identified any rule or statute providing otherwise under the circumstances of this case.

### C. Relationship to Code of Civil Procedure Section 664.6 and Other Concerns

The trial court's reliance on the requirements of Code of Civil Procedure section 664.6 is misplaced. Code of Civil Procedure section 664.6 provides "a summary, expedited procedure to enforce settlement agreements when certain requirements that decrease the likelihood of misunderstandings are met." (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 585, superseded by statute on another point.) To safeguard litigants' rights, courts have strictly enforced the requirements stated in Code of Civil Procedure section 664.6, subdivision (a), that the settlement agreement be in writing and signed by the parties or agreed to orally before the court. (*Irvine, supra*, 149 Cal.App.4th at p. 1000.)

In contrast, rule 3.1385 "is not intended as a means to enforce settlements." (*Irvine, supra*, 149 Cal.App.4th at p. 1001.) Rule 3.1385 authorizes dismissal of an action, but does not provide for entry of judgment, does not contain the same procedural safeguards as the summary enforcement procedures, and does not provide enforcement measures. (*Ibid.*) At a hearing under rule 3.1385 to show cause regarding dismissal, the sole issue for the trial court is whether to dismiss the case or restore it to the active case list. (*Id.* at pp. 1001–1002 [in rule 3.1385 hearing, allegations that signed written agreement was obtained through duress and fraudulent concealment of material facts demonstrated good cause to restore case to civil active list, but

14

was not a means to determine whether agreement was enforceable].)  If the evidence shows the parties did not agree on the material terms of settlement, however, such that no binding settlement existed, the case may not be dismissed pursuant to the court rule.  (*Levitz v. The Warlocks* (2007) 148 Cal.App.4th 531, 534–535 [notice stating parties "agreed in principle to a settlement" did not trigger provisions of former rule 225, renumbered rule 3.1385 eff. Jan. 1, 2007, because from the face of the notice, there was no binding agreement to all material terms].)

The trial court in this case expressed concern that if rule 3.1385 did not require a signed written agreement, an attorney who was not ready for trial could manipulate the court's calendar by filing a false notice of settlement to avoid the trial date, then simply return to court claiming the agreement fell through. However, rule 3.1385 contains safeguards against manipulation by requiring the party seeking affirmative relief to file the notice of settlement.  Once a notice of settlement is filed under rule 3.1385, the case must be dismissed unless the parties show good cause exists why it should not be dismissed.  It is unlikely that an attorney would jeopardize his client's claim to relief by filing a false notice of settlement, putting the case on track for dismissal, without believing the parties had an enforceable settlement, merely on the hope that good cause could be shown later to restore the case to the active list.  For if the trial court concluded that a party filed a false notice of settlement to manipulate the court's calendar, the court would not find good cause existed not to dismiss the case.  Moreover, if a party filed a false notice of settlement before a scheduled appearance, the opposing party would appear or object to the notice of settlement to make the

15

record clear that the party had not agreed to settlement. I note that the existence of a signed written agreement also does not prevent parties from returning to court and showing good cause under rule 3.1385 to restore the case to the active list because a party alleges the agreement is incomplete or unenforceable. (See *Irvine, supra*, 149 Cal.App.4th at pp. 1001–1002.)

After the events in this case, Code of Civil Procedure section 664.6 was repealed and re-enacted, as amended, effective January 1, 2025. (Stats. 2023, ch. 478 (A.B. 1756), § 13.) In the re-enacted statute, the Legislature added subdivision (e)(1) to Code of Civil Procedure section 664.6, which states: "If a plaintiff, cross-complainant, or other party seeking affirmative relief has filed a notice of conditional settlement, the court may, upon its own motion, without stipulation from the parties or their counsel, set an order to show cause as to why the court should not dismiss the entire action without prejudice and retain jurisdiction to enforce the settlement." Therefore, under the current version of the statute, if a notice of conditional settlement is filed under rule 3.1385(c), the court has discretion under Code of Civil Procedure section 664.6, subdivision (e)(1), to immediately set an order to show cause regarding dismissal and retain jurisdiction to enforce the agreement. If the court does not choose to set an order to show cause under Code of Civil Procedure section 664.6, subdivision (e)(1), then rule 3.1385(c) continues to provide an alternative method for dismissal.[3] Now upon receipt of a notice

---

[3] After subdivision (e)(1) was added to Code of Civil Procedure section 664.6, the Judicial Council added the following Advisory Committee Comment to rule 3.1385(c): "Code of Civil Procedure section 664.6 allows for but does not mandate the

of conditional settlement, if the court suspects the parties do not have an enforceable settlement agreement, the court may immediately set an order to show cause regarding dismissal, and the parties may orally agree to the settlement terms on the record at that hearing, satisfying the requirements for an enforceable agreement under Code of Civil Procedure section 664.6.

### D. Application

In my view, as explained above, the application of rule 3.1385(c) is not limited to conditional settlement agreements in writing, signed by the parties, or enforceable under Code of Civil Procedure section 664.6. It is clear from the February 9, 2024 order, however, that the trial court found the parties in this case did not have a settlement agreement based on the court's erroneous interpretation of the term "settlement agreement" in rule 3.1385 to apply solely to signed written settlement agreements.

For example, the trial court stated that under rule 3.1385, the party filing a notice of settlement must actually have a settlement, "i.e., an enforceable settlement as defined by law for the purposes of civil litigation as set forth in Code of Civil Procedure section 664.6." The court quoted the provisions of Code of Civil Procedure section 664.6 and relied on case law

dismissal of cases with conditional settlements either upon stipulation of the parties or on the court's own motion. Subdivision (c) provides an alternative process for cases with a conditional settlement in which dismissal is not sought under Code of Civil Procedure section 664.6."

17

addressing the need for strict adherence to the statutory requirements. The trial court found Kosma's attorney prematurely informed the court clerk of a settlement which he incontrovertibly did not have "for there is no settlement until the requirements of Code of Civil Procedure section 664.6 are met!" The court also stated that a settlement must consist of a signed writing, which Kosma's attorney admitted he was missing.

At no point did the trial court find the parties had no settlement agreement apart from the court's understanding that rule 3.1385 required a signed written settlement. In fact, the court acknowledged the parties had some form of agreement, because the court concluded "circulating the agreement" meant making sure everyone would still agree to the terms as written and sign the document. The trial court also characterized Kosma's error as a mistake of law, reflecting that the court's finding was based on the court's interpretation of the law, not because the court found the parties had not in fact agreed to the material terms of settlement.

Generally, if the trial court's findings are based on an erroneous interpretation of the law, this court will return the matter to the trial court to make new findings based on the correct law and then to exercise its discretion based on the new findings. In my view, however, there was no evidence before the trial court from which the court could reasonably conclude the parties did not have a settlement agreement.

Kosma's attorney filed a notice of settlement under penalty of perjury attesting that the case was settled and the settlement agreement conditioned dismissal on the satisfactory completion of terms that would not to be performed within 45 days of the date of the settlement. In response to a question about signatures,

18

Kosma's attorney stated that the parties were circulating the settlement agreement for signatures that day. It would not be reasonable to infer from his response as to signatures that the parties had not agreed on the material terms of settlement. He did not state that a settlement would be forthcoming, or that the parties' agreement would not be binding until the written document was signed. In fact, he affirmatively stated there was an agreement, which the parties intended to circulate for signatures that day. In response to a question about whether the agreement provided for the court to retain jurisdiction, Kosma's attorney stated that the written agreement would have a provision for entry of judgment under Code of Civil Procedure section 664.6. His phrasing suggests the parties agreed to this provision. He did not say, for example, that the agreement might have a provision for entry of judgment or the parties had not decided yet. But even if the parties had not agreed on this provision, there is no evidence from which to conclude that a boilerplate provision about entering judgment pursuant to Code of Civil Procedure section 664.6 was a material term of the parties' agreement.

I conclude the evidence before the trial court at the time of the dismissal order did not support a finding the parties had no settlement agreement. In fact, the opposing party's failure to appear for trial, object to the notice of conditional settlement, or oppose Kosma's motion to vacate the dismissal order strongly suggests both parties believed they had a settlement agreement. I would therefore conclude rule 3.1385(c) applied, and upon receipt of the notice of conditional settlement, the trial date should have been vacated, so it was an abuse of discretion to dismiss the case for failure to appear.

19

### E. No Conflict with Code of Civil Procedure Section 581

The trial court also concluded rule 3.1385(c)(3) conflicted with the court's authority under Code of Civil Procedure section 581, subdivision (b)(3), to dismiss an action without prejudice when no party appears for trial. This is incorrect. Rule 3.1385(c)(3) provides that once a notice of conditional settlement is filed, the court must vacate all hearings and other proceedings requiring a party's appearance. The hearing date was vacated before the case was called for trial. No conflict exists between the court rule and the statute. Because I find Kosma properly filed a notice of conditional settlement under rule 3.1385(c), which required the trial court to vacate the trial date, I would reverse the order dismissing the case under Code of Civil Procedure section 581, subdivision (b)(3), for failure to appear.

MOOR, J.

20